MARGARET MURPHY, Respondent, v. THE CONEY ISLAND AND BROOKLYN RAILROAD COMPANY, Appellant.

*Negligence — burden of proof in an action against a common carrier — when it may be inferred from the accident itself.*

In an action to recover damages for injuries sustained while traveling as a passenger on one of the defendant's horse cars, the plaintiff testified that just before she had reached the depot, at which she was to leave the train, the car gave a jolt, and then a second jolt; she heard a grinding noise under the wheels, and the car seemed to be lifted off the track; that she was lifted off her seat, thrown forward between the seats and injured.

*Held,* that in the absence of all explanation on the part of the defendant the jury were authorized, if they believed the plaintiff's testimony, to infer negligence on the part of the defendant, rendering it liable for the injuries sustained.

Appeal from a judgment in favor of the plaintiff, entered upon the verdict of a jury.

The action was brought to recover damages for injuries sustained by the plaintiff while riding in one of the defendant's horse cars.

*William N. Dykman,* for the appellant.

*Carpenter & Roderick,* for the respondent.

Barnard, P. J. :

It is an undoubted rule, and one governing all causes of action for damages negligently inflicted, that the plaintiff must prove that the injury was caused by the negligence of the defendant. The rule has not been varied, but there has been difference of opinion in judges

as to its application in certain cases. There was a tendency in the case of common carriers of passengers to hold that the fact of the injury while being carried raised a presumption of negligence which the carrier was bound to explain. There was also a tendency in some of the early cases to hold that the plaintiff must prove some particular thing which caused the injury, and that the defendant was liable for its condition. This was found to be a hard rule upon passengers who were ignorant of the cause of the injury, but yet had been injured under circumstances which called for no injury, and when explanation was due as to the reason of the accident, from whatever cause. The rule is settled by the Court of Appeals that it is not necessary to prove the direct cause of the injury; that while the plaintiff had the burden of proof, an inference of want of care may be made out by the injury and the circumstance attending it, and then the burden of explanation is cast upon the company or carrier of passengers. (*Holbrook* v. *Utica, etc., R. R. Co.*, 12 N. Y., 236.)

The happening of an accident which, in the usual and ordinary course of things, would not happen with proper care, casts the burden on the defendant of explaining the accident so as to relieve itself from liability. (*Caldwell* v. *New Jersey Steamboat Co.*, 47 N. Y., 282; *Hart* v. *Hudson River Bridge Co.*, 80 id., 622.) Under these cases the plaintiff was entitled to go to the jury. She was being carried by the defendant as a passenger. Her destination was Culver's depot in Brooklyn. She says: "Just before the car reached Culver's depot it gave a jolt, then a second jolt; then I got afraid and I heard the grinding; I was listening, and I heard a grinding noise like under the wheels, and the car seemed to be lifted off the track. * * * I was lifted off my seat and thrown forward, and I put up my hands to save myself, and I couldn't, and I fell right down between the seats." A young daughter of the plaintiff was with her, and she testifies that the jolt " seemed to raise the car right off the track." Under this proof, which the jury have found to be true, the plaintiff can ask an inference of negligence. There was no explanation consistent with it. Proof was given tending to show that it was not true, and that the injury did not result in the manner claimed, but as these questions are questions of fact, the verdict of the jury settles them in favor of the

plaintiff. The proof of the injury was ample, if credited, to sustain the verdict.

The judgment should therefore be affirmed, with costs.

PRATT. J., concurred.

Judgment affirmed, with costs.